Ronald M. Green
Lauren Malanga Casey
Maxine A. Adams
250 Park Avenue
New York, New York 10177
(212) 351-4500
(212) 878-8600 (fax)
*Attorneys for Defendants Initiative, Inc.
and the Interpublic Group of Companies, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NANCY MUCCIARONE,

                Plaintiff,

vs.

INITIATIVE, INC., INTERPUBLIC GROUP,
DR PEPPER SNAPPLE GROUP, INC., and
JUSTIN WHITEHEAD,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CASE NO. 1:18-cv-00567 (PKC)

<u>ECF CASE</u>

DECLARATION OF LAUREN MALANGA CASEY IN SUPPORT OF DEFENDANTS INITIATIVE, INC.'S AND THE INTERPUBLIC GROUP OF COMPANIES, INC.'S MOTION FOR SUMMARY JUDGMENT

       Lauren Malanga Casey, an attorney duly admitted to practice law in the State of New York, under penalty of perjury, hereby declares:

       1.     I am an attorney with the law firm Epstein Becker Green, P.C., attorneys for Defendants Initiative, Inc. ("Initiative") and the Interpublic Group of Companies, Inc. ("IPG") (hereinafter the "Initiative Defendants") in this matter. I submit this declaration in support of the Initiative Defendants' motion for summary judgment.

       2.     Attached as Exhibit A is a copy of the Complaint filed in this action.

3. Attached as Exhibit B are true and correct copies of the relevant excerpts from Plaintiff's February 11, 2019 and February 13, 2019 Depositions.

4. Attached as Exhibit C is a true and correct copy of Exhibit 15, marked at Plaintiff's February 13, 2019 Deposition, which is a June 13, 2017 instant message communication between Aggie Haney ("Haney") and Plaintiff.

5. Attached as Exhibit D is a true and correct copy of Exhibit 17, marked at Plaintiff's February 13, 2019 Deposition, which is an August 31, 2017 instant message communication between Nicole Sirubi ("Sirubi") and Plaintiff.

6. Attached as Exhibit E is a true and correct copy of Exhibit 18, marked at Plaintiff's February 13, 2019 Deposition, which is a July 14, 2017 instant message communication between Tito Flores and Plaintiff.

7. Attached as Exhibit F is a true and correct copy of Exhibit 19, marked at Plaintiff's February 13, 2019 Deposition, which is an August 21, 2017 instant message communication between Sirubi and Plaintiff.

8. Attached as Exhibit G is a true and correct copy of Exhibit 21, marked at Plaintiff's February 13, 2019 Deposition, which is an August 24, 2017 instant message communication between Nicholas Grainger ("Grainger") and Plaintiff.

9. Attached as Exhibit H is a true and correct copy of Exhibit 22, marked at Plaintiff's February 13, 2019 Deposition, which is a September 5, 2017 email between Linda Cronin ("Cronin") and Plaintiff.

10. Attached as Exhibit I is a true and correct copy of Exhibit 26, marked at Plaintiff's February 13, 2019 Deposition, which is a September 15, 2017 email between Danielle Dorter ("Dorter") and Plaintiff.

11. Attached as Exhibit J is a true and correct copy of Exhibit 27, marked at Plaintiff's February 13, 2019 Deposition, which is an October 6, 2017 Legal Representation letter from Seth Rafkin, Esq. ("Rafkin") to Blaise Dsylva.

12. Attached as Exhibit K is a true and correct copy of Exhibit 28, marked at Plaintiff's February 13, 2019 Deposition, which is an October 5, 2017 email between Haney and Plaintiff.

13. Attached as Exhibit L is a true and correct copy of Exhibit 31, marked at Plaintiff's February 13, 2019 Deposition, which is an October 15, 2017 email between Cronin and Plaintiff.

14. Attached as Exhibit M is a true and correct copy of Exhibit 34, marked at Plaintiff's February 13, 2019 Deposition, which is a September 29, 2017 instant message between Sirubi and Plaintiff.

15. Attached as Exhibit N is a true and correct copy of Exhibit 36, marked at Plaintiff's February 13, 2019 Deposition, which is an October 11, 2017 instant message communication Haney and Plaintiff.

16. Attached as Exhibit O is a true and correct copy of Exhibit 37, marked at Plaintiff's February 13, 2019 Deposition, which is an October 3, 2017 instant message communication between Andrew Dawson ("Dawson") and Plaintiff.

17. Attached as Exhibit P is a true and correct copy of Exhibit 39, marked at Plaintiff's February 13, 2019 Deposition, which is an October 15, 2017 email from David Stopforth ("Stopforth") to Plaintiff.

18. Attached as Exhibit Q is a true and correct copy of Exhibit 44, marked at Plaintiff's February 13, 2019 Deposition, which is an October 17, 2017 email between Stopforth and Plaintiff.

Firm:47946141v3

19. Attached as Exhibit R is a true and correct copy of Exhibit 45, marked at Plaintiff's February 13, 2019 Deposition, which is an October 20, 2017 email between Rafkin and Ileana Kutler (in house counsel IPG).

20. Attached as Exhibit S are true and correct copies of the relevant excerpts from Dorter's April 4, 2019 Deposition.

21. Attached as Exhibit T is a true and correct copy of Exhibit 2, marked at Dorter's April 4, 2019 Deposition, which are October 16, 2017 handwritten notes about Dorter's meeting with Plaintiff.

22. Attached as Exhibit U is a true and correct copy of Exhibit 15, marked at Dorter's April 4, 2019 Deposition on April 4, 2019, which is a September 14, 2017 written warning to Grainger.

23. Attached as Exhibit V are true and correct copies of the relevant excerpts from Stopforth's March 8, 2019 Deposition.

24. Attached as Exhibit W are true and correct copies of the relevant excerpts from Cronin's March 22, 2019 Deposition.

25. Attached as Exhibit X are true and correct copies of the relevant excerpts from Amy Armstrong's March 7, 2019 Deposition.

26. Attached as Exhibit Y are true and correct copies of relevant excerpts from Exhibit 1, marked at Timothy Buckland's March 14, 2019 Deposition.

27. Attached as Exhibit Z are true and correct copies of the relevant excerpts from Anastasia Russ' March 26, 2019 Deposition.

28.     Attached as Exhibit AA is a true and correct copy of an IM between Plaintiff and Grainger on July 10, 2017, which was produced by the Initiative Defendants bearing the bates stamp Initiative-IPG000189-92.

## PLAINTIFF'S SPOLIATION OF RELEVANT EVIDENCE

29.     Plaintiff was on notice to preserve any evidence related to her claims and was contemplating litigation prior to filing the Complaint, as Plaintiff's counsel sent a notice of legal representation and preservation of evidence to Initiative on September 14, 2017, and another letter on October 18, 2017 stating that Plaintiff was "preparing to move forward with legal action." True and correct copies of these letters are attached as Exhibits BB and CC respectively.

30.     After Plaintiff filed her Complaint, Defendants IPG and Initiative, by and through their counsel, sent Plaintiff's counsel a letter dated January 25, 2018 putting Plaintiff on notice that she was required to retain all documents, including those stored telephonically, and that destruction of such materials could subject Plaintiff to sanctions for spoliation of evidence. Attached as Exhibit DD is a true and correct copy of this letter.

31.     Plaintiff's first production of documents contained no personal text messages. On July 12, 2018 Defendants' counsel sent a letter to Plaintiff's counsel requesting that Plaintiff supplement her discovery with additional personal electronic communications, including text messages. Attached as Exhibit EE is a true and correct copy of this letter.

32.     Plaintiff's supplemental production only included select text messages between Plaintiff and Andrew Dawson. As a result, Defendants' counsel again requested that Plaintiff supplement her production on August 23, 2018, September 24, 2018 and October 11, 2018. Attached as Exhibit FF, GG, and HH, respectively, are true and correct copies of these letters.

33. During a meet and confer to discuss the ongoing discovery disputes, Plaintiff's counsel notified the parties that Plaintiff no longer had the cell phone she used during the events alleged in the Complaint. To attempt to retrieve any information, Plaintiff agreed to a forensic review of her cell phone, laptop and Gmail account by Fronteo Inc.

34. Plaintiff discussed texting other Initiative employees in her company instant messages with her colleagues. Attached as Exhibit II are true and correct copies of documents produced that demonstrate the existence of text messages during the relevant period.

35. After reviewing plaintiff's electronic devices and Plaintiff's iCloud account, Fronteo was unable to retrieve any text messages from before March 2018. Attached as Exhibit JJ is Duc Nguyen's June 10, 2019 Affidavit with Exhibits.

36. Upon information and belief, by trading in her phone and deleting all prior information in March 2018 without backing up the data, either on her laptop or to the cloud, after providing her attorney with documents she deemed relevant to her claims and after she filed her Complaint, Plaintiff spoliated evidence.

I declare, under penalty of perjury, that the foregoing is true and correct.

                                                                                     */s/Lauren Malanga Casey*
                                                                                     LAUREN MALANGA CASEY

Firm:47946141v3